Stephen K. ROGERS, Plaintiff— Appellant,

v.

SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, a Public Utility of the State of Arizona, Defendant—Appellee.

No. 03–16313.

D.C. No. CV–00–00790–JAT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Dec. 21, 2004.

Lowell Wayne Finson, Fein & Associates, PC, David M. Waterman, Law Offices of David M. Waterman, Tucson, AZ, for Plaintiff–Appellant.

Ernest Calderon, John Greg Coulter, Kimberly J. Cilke, Alan M Bayless Feldman, Jennings Strouss & Salmon, PLC, Phoenix, AZ, for Defendant–Appellee.

Before KOZINSKI, W. FLETCHER and BYBEE, Circuit Judges.

## MEMORANDUM *

Rogers has not raised a genuine issue of material fact as to whether his injury "significantly restrict[s][his] ability to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i); *see also Thompson v. Holy Family Hosp.*, 121 F.3d 537, 540–41 (9th Cir.1997). Rogers relies on the vocational expert's report; however, while the expert concluded that Rogers cannot perform work classified as heavy or very heavy, the report doesn't offer any analysis of these limitations in light of "plaintiff's 'vocational training, the geographical area to which he has access, or the number and type of jobs demanding similar training from which [plaintiff] would also be disqualified.' " *Broussard v. UC Berkeley,* 192 F.3d 1252, 1258 (9th Cir.1999) (quoting *Bolton v. Scrivner, Inc.,* 36 F.3d 939, 944 (10th Cir.1994)) (alteration in original) (summary judgment appropriate where plaintiff's vocational expert merely "based his conclusions on categories of jobs, [such as] 'Sedentary' and 'Light manual' "). Nor does the EEOC's one-sentence conclusion that Rogers is disabled create an issue of material fact. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1284 (9th Cir. 2000).

In addition, there is no genuine issue whether Rogers's injury "prevents or severely restricts [him] from doing [manual tasks] that are of central importance to daily life." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 198, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

Finally, Rogers offered no evidence that Salt River Project regards him as substantially limited in his ability to work or perform manual tasks. *See Thompson,* 121 F.3d at 541.

The district court therefore did not err in granting summary judgment on the ground that Rogers is not disabled within the meaning of the ADA. *See* 42 U.S.C. § 12102(2).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.